■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LOUIS LOZZI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, dated April 12, 1960, which denied, without a hearing, his application to vacate a judgment of said court, rendered March 8, 1938 on his plea of guilty, convicting him of burglary in the third degree, and sentencing him to the Reception Center, Elmira, New York, pursuant to article 3-A of the Correction Law. Execution of the sentence was suspended and defendant was placed on probation for a period of three years. Order affirmed. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID GEORGE NEWCOMBE, Appellant.— Appeal by defendant from an order of the County Court, Suffolk County, entered May 15, 1961, denying his application to dismiss an indictment containing several counts, to which he, on July 22, 1958, had pleaded guilty to attempted grand larceny second degree, in satisfaction of all the counts. Defendant had not been sentenced on his guilty plea, having been in Federal custody at the time set for sentencing and having remained in such custody until the time of the making of this application in November, 1960, and thereafter. He based his application on the claim that he had been deprived of a speedy trial. Order affirmed. Such affirmance is without prejudice, however, to the right of the defendant, if so advised, to renew his claim on any appeal which he may take from the judgment entered after he has been sentenced. Beldock, Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR SPINNEY, Appellant.—In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated October 23, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered March 10, 1950, convicting him of robbery in the first degree and other crimes, and imposing sentence. Order affirmed. Defendant's previously retained attorney was not present at the time he pleaded not guilty to the indictment. However, neither defendant nor his attorney ever sought to withdraw the not guilty plea in order to move or demur against the indictment. Instead, defendant proceeded to trial; he was convicted and sentenced; and the same retained attorney represented him throughout the trial and the sentencing. Defendant's counsel had ample opportunity to take advantage of every defense that he would have had were he present at defendant's arraignment for plea, since he could have moved for leave to withdraw the not guilty plea as a predicate to an attack on the indictment. Hence, defendant was not in fact deprived of the benefit of counsel (*Canizio* v. *New York*, 327 U. S. 82; *People* v. *Dolac*, 3 A D 2d 351, affd. 3 N Y 2d 945). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. ALFRED TURNER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated October 20, 1961, which denied, without a hearing, his application to vacate a judgment of said court rendered October 21, 1959, convicting him on his plea of guilty, of violation of section 1897 of the Penal Law as a felony and section 483 of the Penal Law as a misdemeanor, and sentencing him to serve a term of three and one-half to seven years. Order affirmed. No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.